# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY NICHOLS, | ) 1:08-cv-01338-TAG HC |
| Petitioner, | ) ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] |
| v. | ) ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AGAINST PETITIONER AND CLOSE THE FILE |
| STANISLAUS COUNTY SUPERIOR COURT, | ) |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on August 25, 2008 in the Sacramento Division of this Court. (Doc. 1). It was transferred to the Fresno Division of this Court on September 9, 2008. (Doc. 4). In the petition, Petitioner indicates that he was convicted on March 16, 2007 in the Stanislaus County Superior Court of first degree murder, false imprisonment, robbery, and firearm enhancements that resulted in a sentence of three life terms plus one hundred years. (Doc. 1, p. 1). Petitioner indicates that he undertook an appeal of his conviction and sentence, but in the place on the form petition where he should indicate the result of the appeal, he indicates "N/A." (Id. at p. 3).

1

The Court has conducted its own review of the electronic database for the California court system to supplement the scant information provided by Petitioner in his form petition.[1] A review of that electronic database indicates that the California Court of Appeal, Fifth Appellate District ("5th DCA") has pending before it three appeals from convictions of Petitioner in the Stanislaus County Superior Court on April 21, 2008 in case nos. 1038145, 1037967, and 1037384. In each case, Petitioner, and two co-defendants were convicted of murder, false imprisonment, robbery, and various enhancements. Also in each case, Petitioner was sentenced to a term of life without the possibility of parole plus twenty-five years. The notice of appeal in each case was filed on July 7, 2008. All three cases are awaiting preparation of the court reporter's transcript. None of the cases have been briefed or argued, let alone decided.

Petitioner raises the following claims: (1) denial of due process and equal protection due to the trial court's failure to enforce full discovery from the prosecution to the defense; (2) denial of due process and equal protection when the prosecution used false evidence to support its indictment against Petitioner for murder; and (3) denial of the effective assistance of trial counsel and appellate counsel. (Id. at pp. 4-5).

## DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

### B.   Younger Abstention

Where a federal court properly has jurisdiction over an action, abstention is not required merely by virtue of the pendency of a related state action.  Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236 (1976).  Rather, abstention may be appropriate in four types of cases:  (1) a case involving a federal constitutional issue that might be affected or mooted by a state court determination of state law ("Pullman" abstention); (2) a case presenting a question of state law that involves state policies whose importance transcends the result in the federal action, or where federal review would confuse a state's elaborate review system ("Burford" abstention); (3) a case in which relief granted by the federal court would interfere with a pending state proceeding ("Younger" abstention); or (4) where exception circumstances exist to avoid duplicate litigation ("Colorado River" doctrine).  Colorado River, 424 U.S. at 814-18.

Regarding a Younger abstention, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  Younger v. Harris, 401 U.S. 37, 43-45, 91 S. Ct. 746 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69, 91 S. Ct. 764 (1971).  Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431, 102 S. Ct. 2515 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989).

The Younger doctrine stems from this longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43.  Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or

harassment. Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d at 225-226. Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85, 91 S. Ct. 674 (1971).

The Ninth Circuit follows a three-prong test espoused by the United States Supreme Court to determine whether abstention under the Younger doctrine is appropriate. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm., 457 U.S. at 432; Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9th Cir.1998); Dubinka, 23 F.3d at 223. If these three requirements are met, the court must also consider whether any of the narrow exceptions to the Younger abstention doctrine apply.

The court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

Where a district court finds Younger abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Juidice v. Vail, 430 U.S. 327, 348, 97 S. Ct. 1211 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611, 95 S. Ct. 1200 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

///

///

     C.  <u>The Court Should Abstain Under Younger</u>.

Applying these principles to the facts in this case, it is obvious that the Court must abstain from the ongoing state appellate proceedings. The Ninth Circuit's first requirement is satisfied because the state criminal proceedings have not been concluded. Although the petition itself is devoid of any details regarding Petitioner's appeal from his criminal convictions, the Court, as indicated, has reviewed the state courts' electronic database which indicates that three appeals from convictions in the Stanislaus County Superior Court on April 21, 2008, are currently pending in the 5th DCA. Assuming the sentences to run consecutively, these convictions resulted in three life sentences without the possibility of parole plus seventy-five years.

Although Petitioner indicates that he was convicted on March 16, 2007 and given three life sentences plus *one hundred years*, the Court finds that the convictions he is challenging are in fact those same three convictions currently on appeal before the 5th DCA. First, the nature of the convictions and the sentences are sufficiently similar, and sufficiently grave, to preclude the possibility that Petitioner was sentenced on three entirely different murder convictions during the same time frame. Second, the case numbers in the state courts' electronic database match the Stanislaus County Superior Court numbers on the trial documents submitted by Petitioner as exhibits to the instant petition. Accordingly, the Court finds that the state criminal appellate process for the convictions from which Petitioner is seeking relief in the instant petition is ongoing at this time.

The second requirement is satisfied because an important state interest, that of not having the federal courts interfere in state proceedings by precluding a prosecution, is at issue here. <u>See</u> <u>Dubinka</u>, 23 F.3d at 223. Indeed, Petitioner expressly asks this Court for "aid and intervention" in the state court proceedings to require full discovery. Clearly, the State of California's interest in the integrity of its own criminal proceedings is an important interest for the Court to consider when assessing whether <u>Younger</u> abstention is appropriate.

Finally, the third requirement is met because Petitioner can address his federal constitutional concerns to the state appellate courts. It appears from the documents attached to the petition that in fact Petitioner has already raised these issues in a motion for new trial.

5

1   Because the appellate process has only recently commenced, the trial transcript has not even been
2   filed with the 5th DCA, and no briefs are yet due, Petitioner still has the opportunity to raise each
3   and every claim he makes in the instant petition with the 5th DCA, and, assuming he does not
4   obtain the relief he seeks in the 5th DCA, also with the California Supreme Court thereafter.[2]

5      Having concluded that this case meets the Supreme Court's requirements for abstention,
6   the Court must now determine whether the case meets any of the exceptions to the abstention
7   doctrine. As mentioned, the court need not abstain if the state court proceedings were undertaken
8   for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently
9   violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 & 225; Lebbos, 883
10  F.2d at 816. Here, although Petitioner claims that the trial court and prosecution violated his
11  federal constitutional rights during the trial, nothing in Petitioner's allegations suggests that the
12  trial court acted in bad faith or for the purposes of harassment or that any statute at issue
13  flagrantly violates constitutional prohibitions. Thus, the Court finds that no exception to the
14  abstention doctrine applies in this case.

15      For all of these reasons, the Court must abstain from interfering in the State of
16  California's ongoing criminal appellate process. Where the Court finds Younger abstention
17  appropriate as to a request for declaratory or injunctive relief, as in this case, the Court may not

---

[2] It also bears emphasis that because the 5th DCA has yet to decide Petitioner's appeals, none of Petitioner's claims are exhausted. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Obviously, if Petitioner has yet to receive a ruling from the intermediate state appellate court regarding his convictions, then he has not yet presented his claims to the California Supreme Court and, therefore, all of his claims are unexhausted and the petition would have to be dismissed on that ground alone, were the Court not to find that abstention and dismissal under Younger was appropriate. Rose v. Lundy, 455 U.S. 509, 521-522, 102 S.Ct. 1198 (1982)(The Court must dismiss a petition that contains unexhausted claims).

retain jurisdiction, but <u>must</u> dismiss. <u>Judice</u>, 430 U.S. at 348; <u>Beltran</u>, 871 F.2d at 782. Accordingly, the Court will order the petition to be dismissed.

## **ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED pursuant to <u>Younger v. Harris</u>, 401 U.S. 37, 43-45 (1971);

2. The Clerk of the Court is DIRECTED to enter judgment against Petitioner and close the file.

IT IS SO ORDERED.

Dated:   **December 3, 2008**                             /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE